IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STANLEY MARYNOWSKI, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 1:23-cv-613 (PTG/IDD) |
| THOMAS M. BRADY, *et al.*, | ) ) ) |
| *Defendants.* | ) ) |

## MEMORANDUM ORDER

This matter is before the Court on Defendants' Motion to Dismiss and Motion for Summary Judgment (Dkts. 18, 19) (collectively, "Motions").[1] Plaintiff Stanley Marynowski, who is proceeding *pro se*, brought suit against Defendants Thomas Brady, Director of the Department of Defense Education Activity, and Lloyd Austin, III, Secretary of the Department of Defense. Plaintiff has opposed the Motion. Dkt. 25. The Motion is fully briefed and ripe for disposition.

### Background

On May 1, 2023, Plaintiff Stanley Marynowski brought this action against Defendants claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). *See* Dkt. 1 ("Compl."). Plaintiff is a former employee of the Department of Defense Education Activity ("DoDEA"). Plaintiff alleges that DoDEA "subjected [him] to a hostile work environment based on [his] religion (Christian) and

---

[1] Defendants filed two dispositive motions in this matter simultaneously: a motion to dismiss and a motion for summary judgment. *See* Dkts. 18, 19. However, Defendants filed a single memorandum in support that makes clear that Defendants seek dismissal or, in the alternative, summary judgment. *See* Dkt. 21. The Court therefore refers to the motions together.

1

[his] disability (physical)[.]" *Id.* at 3.[2] Specifically, Plaintiff alleges that he experienced discrimination on account of his religion and his ability status due to his "non-vaccination status." *Id.* Plaintiff alleges that he "was never officially exempted from the vaccination requirement because of religious belief at the time of employment [and that he] was told that [he] could not work unless [he] followed the required weekly testing." *Id.* He claims that DoDEA's COVID-19 testing requirement caused "overwhelming anxiety, depression[,] and sleepless nights." *Id.* at 4.

Plaintiff states that his agency complaint alleged claims of religious discrimination and discrimination on the basis of his "health disabling condition because of [his] non-vaccination status." *Id.* at 3. Defendants attached the agency complaint to their Motion. *See* Formal Complaint of Discrimination, Dkt. 21-7 ("DEX-7").[3]

The instant Motion moves the Court to dismiss Plaintiff's Complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction, under Rule 12(b)(6) for failure to state a claim, or, in the alternative, for summary judgment. *See* Dkts. 18, 19.

## Legal Standard

As to surviving dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

---

[2] The Complaint lacks original pagination. The Court thus cites to the pagination stamped on the header of the Complaint.

[3] A court may consider documents attached to a motion to dismiss, so long as they are integral to the complaint and authentic. *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019). In this case, Plaintiff's agency complaint is integral to the Complaint and Plaintiff has not challenged the authenticity of the documents.

action." Fed. R. Civ. P. 12(h)(3). A federal court may exercise its subject-matter jurisdiction under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And under 28 U.S.C. § 1332, "[f]ederal courts . . . possess subject matter jurisdiction over all civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties' citizenship is completely diverse." *Joyner v. Prince William Cnty. Cir. Ct.*, 2023 WL 2457342, at *2 (E.D. Va. Mar. 10, 2023).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4] A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint[,]" drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (alteration in original)

---

[4] Defendants ask the Court to dismiss Plaintiff's Complaint, or in the alternative, for summary judgment. Essentially, they argue that "there is a clear threshold basis for rendering judgment on Plaintiff's Title VII and ADA claims: he has failed to exhaust those claims in a timely manner." Dkt. 21 at 5 n.3. Defendants attached several exhibits to their Motion. However, as the Court can address Defendants' exhaustion arguments on 12(b)(6) grounds, it will do so. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550 (2019) (finding that "Title VII's charge-filing requirement is not of jurisdictional cast"); *Carter v. Baltimore Cnty., Md.*, 39 F. App'x 930, 933 (4th Cir. 2002) (holding that a district court erred when it converted a motion to dismiss into a motion for summary judgment without giving the non-movant "notice and a reasonable opportunity for discovery" where defendants attached documents to their dispositive motion beyond the pleadings but that a court could have considered in the context of a Rule 12(b)(6) motion).

3

(quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). When filed by a *pro se* complainant, a court will construe the complaint and subsequent briefing liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendants attached several documents that are integral to the Complaint and whose authenticity is not disputed, such as the pre-complaint intake form, EEO interview notice, notice of right to file formal complaint, acknowledgment of administrative complaint, administrative complaint, and dismissal of administrative complaint. *See* Pre-Complaint Intake Form, Def. Ex. 1 ("DEX-1"), Dkt. 21-1; EEO Counseling Interview Notice, Def. Ex. 2 ("DEX-2"), Dkt. 21-2; Notice of Right to File, Def. Ex. 3 ("DEX-3"), Dkt. 21-3; DoDEA Acknowledgement of Formal Complaint, Def. Ex. 6 ("DEX-6"), Dkt. 21-6; Formal Complaint of Discrimination, Def. Ex. 7 ("DEX-7"), Dkt. 21-7; Dismissal of Complaint, Dkt. 21-8 ("DEX-8"); DoDEA Decision, Def. Ex. 9 ("DEX-9"), Dkt. 21-9. Plaintiff refers to the administrative process in his Complaint, which is essential to his underlying claims. *See* Compl. at 3. The Court may thus take notice of these documents under Rule 12(b)(6) without converting the Motion into a motion for summary judgment. *Fusaro*, 930 F.3d at 248.

## Analysis

I. **Subject-Matter Jurisdiction Over ADA Claim**

Defendants argue that the Court lacks subject-matter jurisdiction over Plaintiff's ADA claim as the United States has not waived its sovereign immunity under that statute.[5] *See* Dkt. 21 at 9. In his Complaint, Plaintiff sues Defendants in their respective capacities as federal officers. *See* Compl. at 1–2.

---

[5] Though Defendants also argue that any claim under the Rehabilitation Act is implausibly alleged under Rule 12(b)(6), Plaintiff does not allege a cause of action under the Rehabilitation Act in his Complaint. *See* Compl; Dkt. 21 at 9 n.6. The Court will therefore not consider the viability of a Rehabilitation Act claim at this time.

4

A suit against a head of a federal agency in their official capacity is a suit against the United States. *Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) (recognizing that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent and in essence are suit[s] against the entity") (quotation marks and citation omitted). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 292 (4th Cir. 2024) (citation and quotation marks omitted).

As relevant here, the federal government has not waived its immunity with respect to ADA claims. *Sanders v. Lowe's Home Ctrs., LLC*, 2016 WL 5349085, at *3 (D.S.C. Sept. 26, 2016) ("The ADA does not contain a waiver of sovereign immunity and thus, does not apply to the federal government.") (quotation marks and citation omitted); *Mills v. Barreto*, 2004 WL 3335448, at *3 (E.D. Va. Mar. 8, 2004) ("[T]he plaintiff has no cause of action against the federal government under the Americans with Disabilities Act."); *see also Jones v. American Postal Workers*, 192 F.3d 417, 424 (4th Cir. 1993) (noting that the definition of "employer" in the ADA explicitly excepted the United States and any corporation wholly owned by the United States) (citing 42 U.S.C. § 12111(5)).

For these reasons, Defendants are entitled to sovereign immunity and the Court will dismiss Plaintiff's ADA claim without prejudice. *See Lancaster*, 109 F.4th at 295 (observing that dismissal without prejudice is proper where defendants are entitled to sovereign immunity).

## II.     Administrative Exhaustion of Title VII Claims

The Court next turns to Plaintiff's Title VII claims. Unlike the ADA, the United States has waived its sovereign immunity in Title VII suits where the federal government is the employer. 42 U.S.C. § 2000e-16 (waiving immunity); *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir.

2007) (recognizing waiver of immunity where the United States is the defendant-employer in a Title VII lawsuit).

Even so, "Title VII directs federal employees to exhaust administrative remedies before filing suit." *Stewart v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019). As relevant to the instant case, federal regulation requires that federal employees file a formal discrimination complaint within fifteen (15) days of receiving a notice of right to file. *See* 29 C.F.R. § 1614.106(b). Defendants show that Plaintiff received notice of his right to file a formal complaint on March 23, 2022. *See* DEX-2 (EEO Counseling Interview Notice). March 23, 2022 triggered the start of the clock. Plaintiff submitted his formal complaint on April 13, 2022. *See* DEX-8 at 1 (EEO Dismissal of Complaint).[6]

Fifteen days from March 23, 2022 would have been April 7, 2022. Plaintiff's formal administrative complaint was filed on April 13, 2022. *Id.* This renders Plaintiff's formal administrative complaint untimely. In turn, this means that Plaintiff failed to properly exhaust his administrative remedies as to his Title VII claims. *Stewart*, 912 F.3d at 699. Because Plaintiff has failed to plausibly show exhaustion, the Court will not address the merits of Plaintiff's Title VII claims. The Court will grant Defendants' Motion accordingly and will dismiss Plaintiff's Title VII claims. *Saunders v. Stone*, 758 F. Supp. 1143, 1145 (E.D. Va. 1991), *aff'd*, 948 F.2d 1282 (4th Cir. 1991) (observing that "court actions based on untimely administrative complaints must also be dismissed"); *see also Okebata v. Dep't of Def.*, 2022 WL 3754201, at *3 (E.D. Va. July 29, 2022) (recognizing that a plaintiff's failure to allege facts sufficient to show exhaustion under Title VII "warrant[s] dismissal for failure to state a claim"), *aff'd*, 2023 WL 7212271 (4th Cir.

---

[6] As noted above, the Court may consider these documents in the context of a motion to dismiss without converting the motion into a motion for summary judgment because they are integral to the Complaint and their authenticity is not in dispute. *Fusaro*, 930 F.3d at 248.

Nov. 2, 2023); *Behnamian v. Hirshfeld*, 2022 WL 1227996, at *8 (E.D. Va. Apr. 26, 2022) (dismissing Title VII claims for failure to exhaust).[7]

## Conclusion

For the foregoing reasons, the Court shall grant Defendants' Motion to Dismiss (Dkt. 18). The Court will thus deny Defendants' Motion for Summary Judgment (Dkt. 19) as moot. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 18) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (Dkt. 1) is **DISMISSED**; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 19) is **DENIED as moot**.

The Clerk is directed to close this civil action and to mail a copy of this Order to Plaintiff.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 10th day of September, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

---

[7] The Fourth Circuit has underscored that dismissing on exhaustion grounds is not necessarily considered jurisdictional, and, thus, such dismissal may be considered an adjudication under Rule 12(b)(6) as opposed to Rule 12(b)(1). *See Stewart*, 912 F.3d at 700–02.